UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| DEMETRIUS LOYD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 21-53-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| EDITH HACKER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Demetrius Loyd, proceeding *pro se*, claims that two nurses at the Laurel County Detention Center have violated his constitutional rights by failing to provide him with proper medical treatment for his psoriasis and by failing to appropriately respond to his grievances. The Court granted Loyd's motion to proceed *in forma pauperis* by prior order, and his complaint is now before the Court for initial screening. Pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court shall dismiss any portion of Loyd's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the reasons that follow, Loyd's complaint will be **DISMISSED**.

In his complaint, Loyd alleges that he suffers from psoriasis and that defendants Edith Hacker, a nurse, and Michelle Spurlock, a medical administrator, have failed to provide him the appropriate treatment and ignored his requests for relief. [R. 1.] Loyd mentions both the Eighth and the First Amendments to the United States Constitution. He seeks review of the Laurel County Detention Center's medical department and an unspecified amount of money damages for pain and suffering. [R. 1 at 5.] In addition, Loyd attaches twelve pages of grievances to the complaint. [R. 1-1.]

In order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry: "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)" must be proven before relief may be granted. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). Notably, allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context. *See, e.g., Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002). "Moreover, when a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated." *Id.* (citing *Estelle*, 429 U.S. at 107).

In this case, Loyd has failed to allege the elements necessary to make out a viable Eighth Amendment claim. Regardless of whether Loyd's psoriasis amounts to a sufficiently serious medical need so as to satisfy the objective component of the analysis, Loyd has pled no subjective culpability on the part of the defendants. Instead of contending the defendants intentionally disregarded a risk to his health or safety, he simply claims the defendants failed to listen to him and/or prescribed him the wrong medication. [*See* R. 1; R. 1-1.] The Sixth Circuit has made abundantly clear that "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Medical Servs., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). And Loyd's allegations of failure to listen and misdiagnosis fall within the scope of ordinary medical malpractice:

> [A] plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment. When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate

> indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.

*Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (internal citations omitted).

To the extent Loyd alleges in the complaint that Hacker and Spurlock wholly "refused the help [he] requested," [*see* R. 1 at 4], the documents Loyd attaches to the complaint prove otherwise. Indeed, those grievance forms demonstrate that the defendants placed refill orders for Loyd's medication [*see* R. 1-1 at 2] and scheduled a medical appointment for Loyd while his refill medication was in transit [*see id*. at 4]. Further, to the extent Loyd wishes to receive a particular drug for his psoriasis—for example, COSENTYX rather than methotrexate, or vice versa [*see* R. 1-1 at 4, 7]—a plaintiff's disagreement over the appropriate diagnosis or resultant care does not rise to the level of a constitutional violation. *See, e.g., Alexander*, 227 F. Supp. 2d at 665.

In addition, although Loyd cites the First Amendment in his complaint, he makes no real argument under that constitutional provision and therefore fails to state a viable First amendment claim. Finally, even if the defendants did in fact deny or fail to respond to some of Loyd's grievances, this matter would still be properly dismissed. "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Because Loyd's complaint does not allege the necessary elements of either an Eighth or First Amendment claim, the matter is appropriately dismissed at the screening stage. Loyd has failed to state a claim upon which relief may be granted, and the Prison Litigation Reform Act therefore provides for the dismissal of his case. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Accordingly, the Court hereby **ORDERS** as follows:

1. Loyd's complaint [R. 1] is **DISMISSED**;

2. This matter is **CLOSED** and **STRICKEN** from the Court's active docket; and

3. Judgment will be entered contemporaneously herewith.

This the 12th day of April, 2021.

Signed By:
*William O. Bertelsman* WOB
United States District Judge